IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Bilal Ahmad Ghauri; and ) | |
| All Others Similarly Situated ) | |
|     Plaintiffs, ) | Civil Action |
| ) | File No. |
| v. ) | |
| ) | |
| Beaumont Raceway, Inc.; Edgebrook ) | |
| RW 6774, Inc.; J J Group, Inc.; ) | Jury Demanded |
| Mills Raceway, Inc.; RaceOn, Inc.; Telco ) | |
| Group, LLC; Tri Union Group, Inc.; ) | |
| Trinetgroup, Inc.; Shylore G. Joseph; and ) | |
| Syed Shah ) | |
|     DEFENDANTS. ) | |
| ) | |

**PLAINTIFF'S ORIGINAL CLASS COMPLAINT**

NOW COMES PLAINTIFF, Bilal Ahmad Ghauri, and all others similarly situated, and complain of Defendants Beaumont Raceway, Inc.; Edgebrook RW 6774, Inc.; J J Group, Inc.; Mills Raceway, Inc.; RaceOn, Inc.; Telco Group, LLC; Tri Union Group, Inc.; Trinetgroup, Inc.; Shylore G. Joseph; and Syed Shah (collectively, "Defendants"), and for cause of action would respectfully show the Honorable Court as follows:

## I.
## INTRODUCTION

1. This is a collective action suit to recover unpaid overtime wages brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure to pay overtime wages to Bilal Ahmad Ghauri ("Mr. Ghauri" or "Plaintiff"), and to all others similarly situated, in the course of their employment with the Defendants.

1

## II.
## JURISDICTION AND VENUE

3. Plaintiff, on behalf of himself and the plaintiff class, brings this action to recover unpaid overtime compensation from Defendants pursuant to the FLSA, a federal statute. Plaintiff also sues individually for unpaid straight-time wages owed for his last pay period.

4. The Court has jurisdiction of the claims asserted herein pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

5. The Court has personal jurisdiction over the Defendants because Defendants conduct business in Texas, and in particular, in the Southern District of Texas, sufficient to constitute minimum contacts with the state and this district.

6. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
## PARTIES

7. **Bilal Ahmad Ghauri**, Plaintiff, is a resident of Fort Bend County, Texas.

8. **Members of the "Plaintiff Class"** are current and former hourly employees of Defendants who work, or have worked, at one or more of Defendants' business establishments that collectively comprise an enterprise under the FLSA, and that are separate, but related, employers.

9. Defendant, **Beaumont Raceway, Inc.,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Shylore G. Joseph, at his residence at 13252 Autumn Mist Lane, Conroe, Texas 77302, or at any other address where he may be found. This Defendant owns and operates a "Raceway" branded gasoline station and convenience store operating as Raceway #6779.

10. Defendant, **Edgebrook RW 6774, Inc.,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent,

Shylore G. Joseph, at his residence at 13252 Autumn Mist Lane, Conroe, Texas 77302, or at any other address where he may be found. This Defendant owns and operates a "Raceway" branded gasoline station and convenience store operating as Raceway #6774.

11. Defendant, **J J Group, Inc.,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Shylore G. Joseph, at his residence at 13252 Autumn Mist Lane, Conroe, Texas 77302, or at any other address where he may be found. This Defendant owns and operates a "Raceway" branded gasoline station and convenience store operating as Raceway #982.

12. Defendant, **Mills Raceway, Inc.,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Syed Shah, at his residence at 18811 San Saba Creek Circle, Cypress, Texas 77433. This Defendant owns and operates a "Raceway" branded gasoline station and convenience store operating as Raceway #6925.

13. Defendant, **RaceOn, Inc.,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Syed Shah, at his residence at 18811 San Saba Creek Circle, Cypress, Texas 77433. This Defendant owns and operates a "Raceway" branded gasoline station and convenience store operating as Raceway #6772.

14. Defendant, **Telco Group, LLC,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Shylore G. Joseph, at his residence at 13252 Autumn Mist Lane, Conroe, Texas 77302, or at any other address where he may be found.

15. Defendant, **Tri Union Group, Inc.,** is a validly existing Texas corporation that may

be served with summons and complaint by serving its duly appointed registered agent, Shylore G. Joseph, at his residence at 13252 Autumn Mist Lane, Conroe, Texas 77302, or at any other address where he may be found. This Defendant owns and operates a "Raceway" branded gasoline station and convenience store operating as Raceway #6771.

16. Defendant, **Trinetgroup, Inc.,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Shylore G. Joseph, at his residence at 13252 Autumn Mist Lane, Conroe, Texas 77302, or at any other address where he may be found. This Defendant owns and operates a "Raceway" branded gasoline station and convenience store operating as Raceway #6773.

17. Defendant, **Shylore G. Joseph,** is an individual who may be served with summons and complaint at his residence at 13252 Autumn Mist Lane, Conroe, Texas 77302, or at any other address where he may be found. This Defendant, along with Defendant Syed Shah, jointly owns and operates the named legal entity Defendants that own, or have owned, one or more related business establishments engaged in interstate commerce or in the production of goods for interstate commerce, including the above businesses owned by the named legal entity Defendants.

18. Defendant, **Syed Shah,** is an individual who may be served with summons and complaint at his residence at 18811 San Saba Creek Circle, Cypress, Texas 77433, or at any other address where he may be found. This Defendant, along with Defendant Shylore G. Joseph, jointly owns and operates the named legal entity Defendants that own, or have owned, one or more related business establishments engaged in interstate commerce or in the production of goods for interstate commerce, including the above businesses owned by the named legal entity Defendants.

19. Whenever in this complaint it is alleged that the above named Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals,

agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

## IV.
## ALLEGATIONS OF EMPLOYMENT RELATIONSHIP

20. For purposes of this action, the "relevant period" is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of trial and judgment.

21. During the relevant period, Defendants have been an "employer" under 29 U.S.C. § 203(d), which the Supreme Court has referred to as "'the broadest definition that has ever been included in any one act.'" *United States v. Rosenwasser*, 323 U.S. 360, 363 n.3 (1945) (quoting 81 CONG. REC. 7657).

22. The term has been interpreted to encompass one or more joint employers, *Donovan v. Sabine Irrigation Co., Inc.*, 695 F.2d 190 (5th Cir. 1983); *Hodgson v. Griffin & Brand of McAllen, Inc.*, 471 F.2d 235 (5th Cir. 1973), *cert. denied*, 414 U.S. 819 (1973), and is not be limited by formalistic labels or common law notions of employment relationships. *Mednick v. Albert Enterprises, Inc.*, 508 F.2d 297 (5th Cir. 1975).

23. Defendants are an integrated enterprise. Because the Defendants collectively acted, directly or indirectly, in the interest of the employer with respect to each employee in the Plaintiff Class, the Defendants collectively were the employer of members of the Plaintiff Class.

24. At all material times, Plaintiff and all members of the Plaintiff Class have been "employees" within the meaning of 29 U.S.C. § 203(e).

# V.
## "ENTERPRISE" AND "INDIVIDUAL" COVERAGE ALLEGATIONS

25. The Defendants were subject to the requirements of the FLSA because both "enterprise" and "individual" based coverage existed during the relevant period.

26. Individual coverage exists because in dispensing his duties for the Defendants as a gas station / convenience store clerk (i.e., including selling gasoline to customers and businesses' employees who were either travelling between states or who had travelled to or from other states), Plaintiff was engaged in interstate commerce. 29 U.S.C. § 207(a)(2)(C).

27. Defendants' enterprise meets the requirements of 29 U.S.C. § 203(s)(1)(A).

28. Defendants have employees engaged in commerce or in the production of goods for commerce, and/or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

29. In the course of owning and operating gasoline stations / convenience stores, Defendants' employees regularly utilize the instrumentalities of interstate commerce (i.e., mail, telephone, credit cards, banks, etc.), and regularly handle materials that have been moved across state lines (i.e., gasoline, food items, alcohol, cleaning supplies, mops, brooms, computers, towels, soap, cleaning chemicals, etc.). Defendants are thus "engaged in commerce" and have worked on "goods or materials that have been moved in … commerce". *See, Reyes v. Rite-Way Janitorial Serv.*, No. H-15-0847, 2016 U.S. Dist. LEXIS 18172 (S.D. Tex. Feb. 16, 2016), quoting *Polycarpe v. E & S Landscaping Serv.*, 616 F.3d 1217 (11th Cir. 2010).

30. Additionally, during each of the past three years prior to the filing of this action, and continuing thereafter, the Defendants individually (or collectively) had at least $500,000 in "annual gross volume of sales made or business done." 29 U.S.C. § 203(s)(1)(A)(ii).

31. Defendants are an enterprise under 29 U.S.C. § 203(r)(1). Defendants collectively are engaged in related activities that are performed under common control by the individual Defendants, for a common business purpose, irrespective of the fact that such related activities are performed by more than one corporate legal entity.[1]

32. Defendants are a joint employer for purposes of this collective action. 29 C.F.R. §791.2(b). In particular, as employers the Defendants are not completely disassociated with respect to the employment of members of the Plaintiff Class, and are thus deemed to share control of these employees, directly or indirectly, by reason of the fact that the Defendants are under common control with each other. 29 C.F.R. § 791.2(b)(3).

33. The Defendants are an integrated enterprise. "Superficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer". *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

34. The individual Defendants – Shylore G. Joseph and Syed Shah – jointly own and operate the named legal entity Defendants.

35. The legal entity Defendants jointly own and operate a handful of "Raceway" branded gasoline stations and convenience stores.

36. The individual Defendants are the owners, directors, and officers of the legal entity Defendants.[2] As such, these legal entity Defendants are under the common control of Defendants Joseph and Shah.

37. As owners, directors, and officers of each legal entity Defendant, Defendants Joseph and Shah possess the authority to set wage and overtime policies that are shared by all legal

---

[1] See attached Exhibit – A, a listing of the legal entity Defendants' management, ownership and business establishments.
[2] Exhibit – A.

7

entity Defendants.

38. The wage and overtime policies Defendants Joseph and Shah put in place and implemented for the legal entity Defendants violated the overtime pay provisions of the FLSA.

## VI.
## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff seeks conditional certification of this case as a collective action under 29 U.S.C. § 216(b). See also, *Mooney v. Aramco Servs. Co*., 54 F.3d 1207 (5th Cir. 1995). The "similarly situated" standard at the initial conditional certification stage is lenient, plaintiff's burden is not heavy, the evidence needed is minimal and the existence of some variations between potential claimants is not determinative of lack of similarity. *Prejean v. O'Brien's Response Mgmt*., 2013 U.S. Dist. LEXIS 158948 *15.

40. Further, in instances where a motion for conditional certification involves a potential class of employees that worked for separate, but related, employers, courts have reserved consideration of whether the separate employers are joint employers for a final, stage two determination. *Velazquez v. FPS LP*, 2014 U.S. Dist. LEXIS 107073, *16, 2014 WL 3843639 (Hon. Harmon, J.), quoting *McKnight v. D. Houston., Inc*., 756 F. Supp. 2d 794, 806 (S.D. Tex. 2010) (Hon. Rosenthal, J.).

41. As such, class certification is appropriate for all employees of the Defendants in this matter because Defendants are related, and Plaintiff has offered ample evidence in this regard.[3]

42. Plaintiff seeks notice to issue to all employees of the named Defendants who together were victims of Defendants widespread and identical violations of the FLSA.

---

[3] See Section V above; see also Exhibit – A.

43. Defendants have a wide-spread policy and practice of paying their employees' wages by cash only at their straight-time hourly rates.

44. This policy and practice violates the FLSA because it allows the Defendants not to pay its employees' overtime hours at the required premium overtime pay rate at time-and-one-half of the employee's base hourly rate. *See* 29 U.S.C. § 207(a)(1).

45. By failing to document the pay owed to members of the Plaintiff Class, the Defendants also committed repeated violations of the recordkeeping requirements of the FLSA. *See,* 29 U.S.C. § 211(c); 29 C.F.R. § 516. 29; and C.F.R. § 516.27.

46. The individual Defendants – Shylore G. Joseph and Syed Shah – jointly own and operate the named legal entity Defendants, and they set this pay policy that is shared by all legal entity Defendants.

47. The policy is *prima facie* evidence of "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *McKnight v. D. Hous., Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (Rosenthal, J.).

48. Members of the Plaintiff Class together have been victimized by Defendants' ill-conceived patterns, practices, and policies that violate the FLSA. As such, other similarly situated employees were denied their lawful wages; Plaintiff's experiences are typical of the experiences of members of the Plaintiff Class as it pertains to unpaid overtime; and, the specific job titles or job requirements of the various members of the Plaintiff Class do not prevent collective treatment because of said legal nexus binding them together as a class.

49. Further, although the amount of damages may vary among individual members of the Plaintiff Class, there is no detraction from the common nucleus of liability facts that render this matter appropriate as a collective action under 29 U.S.C. § 216(b).

50. All current and former non-exempt employees, regardless of job title, job requirements, or rate of pay, to whom the Defendants have denied overtime compensation for hours worked in excess of 40 in one or more workweek, are similarly situated to Plaintiff, and are thus appropriate members of the Plaintiff Class.

51. All current and former non-exempt employees employed by Defendants' business establishments (all "Raceway" branded gasoline stations and convenience stores), who at any time during the three years prior to the date of filing of this action to the date of judgment were denied overtime compensation in any given workweek may properly be included as members of the Plaintiff Class.

52. The class that Plaintiff seeks to represent is comprised of <u>all current and former employees the Defendants employed as hourly workers 1) who worked at any business establishment of Defendants located in Texas that was owned, operated and / or acquired during the class period, and 2) who the Defendants failed to compensate at the proper hourly overtime rate</u>.

53. Individuals who opt into the collective action will be added to the litigation, and copies of their written consents to join a collective action will be filed with the Honorable Court.

## VII.
## FACTS

54. Defendants employed Plaintiff Ghauri from August 1, 2017, until September 18, 2017, as a store clerk at their business establishment doing business as Raceway #6925 at 8550 West FM 1960, Houston Texas 77070.

55. Raceway #6925 has 24 gas pumps, a deli, and a large convenience store.

56. As a store clerk, Plaintiff performed duties that included operating the cash register, assisting customers with gasoline and other purchases from the convenience store, and upkeep and

cleaning of the premises.

57. Defendants promised to pay Plaintiff $9.50 per hour.

58. Plaintiff worked in excess of 60 hours a week, and during some weeks worked as many as 78 hours.

59. Defendants failed to pay Plaintiff his overtime wages earned during any workweek of his employment, and he now sues for these unpaid overtime wages.

## VIII.
## CAUSE OF ACTION

### Violation of the FLSA – Failure to pay overtime wages

60. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

61. Plaintiff and all others similarly situated are non-exempt employees – that is, these individuals are entitled to receive overtime wages under the FLSA for all hours they have worked in excess of 40 during each seven-day workweek.

62. During his employment with the Defendants, Mr. Ghauri worked overtime on a weekly basis because his employer required Plaintiff to work at least 60 hours a week.

63. Defendants did not pay Plaintiff overtime for the hours he worked in excess of 40 hours a week.

64. Because the Defendants have a wide-spread policy and practice of not paying their employees' overtime pay, Defendants violated 29 U.S.C. § 201, *et seq*.

65. Defendants' violations of the FLSA were willful, thereby allowing a three-year statute of limitations period.

66. As such, Plaintiff and members of the Plaintiff Class sue for their unpaid overtime wages falling within the three-year period preceding the filing of this civil action, and continuing

thereafter until time of jury verdict and judgment.

67. Plaintiff and members of the Plaintiff Class seek an amount of back-pay equaling the total unpaid overtime wages earned from the date they commenced employment for the Defendants until the date of jury verdict and judgment (or their last day of employment, if earlier).

68. Plaintiff and members of the Plaintiff Class further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as allowed under 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

69. Defendants do not possess contemporaneous, complete and accurate records of the number of hours Plaintiff and members of the Plaintiff Class worked.

70. Similarly, Defendants do not possess contemporaneous, complete and accurate records of the wages Plaintiff and members of the Plaintiff Class earned.

71. If Defendants possess such time and pay records, Plaintiff and members of the Plaintiff Class will suffer irreparable harm if Defendants are not enjoined from this moment and during the pendency of this lawsuit from destroying any such records that are in any way related to the matters asserted herein, including any correspondence between Defendant, Plaintiff, and / or members of the Plaintiff Class, and any records required to be maintained by the FLSA and the federal regulations thereunder promulgated.

72. There is substantial likelihood that Plaintiff and members of the Plaintiff Class will prevail at the trial of this matter.

73. The harm that will result is irreparable because Plaintiff and members of the Plaintiff Class will not be able to replicate the destroyed evidence.

74. Plaintiff and members of the Plaintiff Class will not have any adequate remedy at law if the Defendants destroy records pertaining to their employment, and thus they seek the Court

to place Defendants on notice regarding the spoliation of all such evidence.

## IX.
## ATTORNEYS' FEES AND COSTS

75. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

76. Pursuant to 29 U.S.C. § 216(b), Plaintiff and members of the Plaintiff Class seek to recover their attorneys' fees and costs for prosecuting this action.

## X.
## JURY DEMAND

77. Plaintiff and members of the Plaintiff Class demand a jury trial on all issues that may be tried to a jury.

## XI.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Bilal Ahmad Ghauri respectfully requests that upon final hearing, the Honorable Court grant Plaintiff and members of the Plaintiff Class, relief against the Defendants, as follows:

    a. Authorize the issuance of notice to all of Defendants' similarly situated employees who were employed during the relevant period, informing them of their right to participate in this lawsuit;

    b. Declare that the Defendants violated 29 U.S.C. § 207, by failing to pay Plaintiff, and members of the Plaintiff Class, overtime pay at one and one half times their regular hourly base rate for all hours in excess of 40 worked during each seven-day work period;

    c. Declare that Defendants' violations of the FLSA are willful, thereby extending the statute of limitations to three years, and allowing liquidated damages;

    d. Order Defendants to pay liquidated damages to Plaintiff, and to members of the Plaintiff Class, in an amount equal to the unpaid overtime wages;

    e. Enter an injunction restraining Defendants from destroying any payroll or other relevant records;

f.  Order Defendants to pay all reasonable attorneys' fees and costs as allowed under 29 U.S.C. §216(b);

g.  Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, assessed against the Defendants; and,

h.  Order all further relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to Plaintiff and members of the Plaintiff Class.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By: /s/ Salar Ali Ahmed
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
One Arena Place
7322 Southwest Frwy., Suite 1920
Houston, Texas 77074
Telephone: (713) 223-1300
Facsimile: (713) 255-0013
aahmedlaw@gmail.com

**Attorney for Plaintiff**
**Bilal Ahmad Ghauri**